Jesse D. Mondry, OSB No. 192559
HARRIS BRICKEN SLIWOSKI, LLP
511 S.E. 11th Avenue, Suite 201
Portland, OR 97214
Telephone: 503.207.7313
jesse@harrisbricken.com

Ari Karen, Esq. (*Pro Hac Vice forthcoming*)
OFFIT KURMAN, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759
Telephone: 240.507.1740
AKaren@offitkurman.com

V. Amanda Witts, Esq. (*Pro Hac Vice forthcoming*)
OFFIT KURMAN, P.A.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: 267.338.1384
Amanda.Witts@offitkurman.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| Bryon Scott, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>The Federal Savings Bank,<br>      Defendant. | Case No.: 3:21-cv-00291-HZ<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Defendant, The Federal Savings Bank ("Defendant" or "TFSB"), by and through the undersigned attorneys, hereby submits this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Complaint"), and avers as follows:

## INTRODUCTION

1. Admitted that Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et* seq. ("TCPA"). Defendant denies the remaining allegations of this Paragraph.

## NATURE OF THE ACTION

2. Admitted that Plaintiff brings this action pursuant to the TCPA. Defendant denies the remaining allegations of the Paragraph.

3. Admitted that TFSB is a federally chartered financial institution. Defendant denies the remaining allegations of this Paragraph.

4. Defendant specifically denies that Plaintiff is entitled to injunctive relief or any other award of damages. Defendant also denies the remaining allegations of this Paragraph.

## JURISDICTION AND VENUE

5. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims.

6. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims. Defendant denies the remaining allegations of this Paragraph.

7. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims. Defendant denies the remaining allegations of this Paragraph.

## PARTIES

8. Plaintiff's allegations as to the residency of Plaintiff is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies the allegations.

9. Admitted only that FSB is a Federally Chartered Savings Association with its principal place of business located at 300 North Elizabeth Street, Floor 3E, Chicago, Illinois 60607.

## THE TCPA

10. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

11. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

12. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

13. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

14. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

15. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

16. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

17. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

18. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

19. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

20. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

## FACTS

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

22. Denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

24. Denied.

25. Denied.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

27. Denied.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

30. Denied.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

32. Upon information and belief, Defendant denies that Plaintiff did not consent to receive the alleged telephone calls.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

35. Denied.

36. Denied.

37. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

39. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

40. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class. members, commonality of questions of law and fact, and typicality of claims, among other requirements.

41. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class. members, commonality of questions of law and fact, and typicality of claims, among other requirements.

### NUMEROSITY

42. Denied.

43. Denied.

### COMMON QUESTIONS OF LAW AND FACT

44. Denied.

45. Denied.

### TYPICALITY

46. Denied.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

47. Denied.

**Proceeding Via Class Action is Superior and Advisable**

48. Denied.

### COUNT I

### Violation of the TCPA, 42 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

49. Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

50. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks of itself and the allegations are therefore denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**WHEREFORE** Defendant denies that Plaintiff is entitled to any relief sought in Plaintiff's Prayer for Relief.

## COUNT II

**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

57. Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

58. Denied.

59. Denied

60. Denied.

61. Denied.

## COUNT III
**Negligent Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the DNC Class)**

62. Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

63. Denied.

64. Denied

65. Denied.

## COUNT IV
**Knowful/Willful Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

66. Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

67. Denied.

68. Denied.

69. Denied.

## **AFFIRMATIVE DEFENSES**

The following defenses are based on Defendant's knowledge, information, and belief at this time. Defendant reserves the right to assert additional affirmative or other defenses and/or to modify, amend, or supplement any defenses contained herein at any time. Without admitting any allegations in the Complaint, Defendant asserts the following affirmative defenses. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

1. The TCPA is unconstitutional under federal and state law.

2. Plaintiff and the members of the proposed class lack standing to sue under the TCPA because they have not suffered any injury in fact as a result of the challenged conduct.

3. The Compliant, and each and every cause of action alleged therein, is barred on the grounds that Plaintiff gave his prior express consent to be contacted.

4. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any members of the putative class acquiesced to any conduct engaged by TFSB.

5. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by their own conduct, actions, inactions, which constitute estoppel of all claims and relief sought.

6. To the extent the claims of any members of the putative class arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a).

7. The damages alleged in the Complaint (if any) were not caused by TFSB but were caused by one or more third parties whose activities were not approved, ratified, or controlled by TFSB.

8. All conduct and activities of TFSB alleged in the Complaint complied with and conformed to all applicable laws, statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the Compliant. By way of further explanation, TFSB reasonably and in good faith believes that the Plaintiff was contacted pursuant

to and in compliance with the TCPA as Plaintiff opted-in to be contacted. To the extent that TFSB is mistaken as to the manner in which Plaintiff's contact information was collected, other third parties should be found liable for Plaintiff's damages, to the extent any exist, and not TFSB.

9. The Complaint fails to state facts that would entitle Plaintiff and members of the proposed class to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm.

10. The Complaint fails to state facts sufficient to warrant treble damages for alleged willful and knowing violations of the TCPA and pertinent regulations.

11. The Complaint fails to state facts that would permit recovery of attorney's fees.

12. Plaintiff's allegations are not sufficient to be "willful" because the alleged actions were not carried out by TFSB, and, at all relevant times, TFSB believed that any and all actions of any third parties were lawful. Further, to the extent that any violation of the TCPA occurred, it resulted from a bona fide error, and was not willful or knowing.

13. To the extent Plaintiff and/or any member of the putative class suffered any damages, which TFSB expressly denies, Plaintiff and/or any member of the putative class failed to mitigate their damages.

14. The Court lacks personal jurisdiction over the claims of putative class members who are not Oregon citizens.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, TFSB prays for judgment as follows:

A. That the Court deny Plaintiff's request to certify the proposed classes under Rule 23;

B. That the Plaintiff take nothing by virtue of the Complaint;

C. That the Complaint be dismissed with prejudice and judgement be entered in favor of TFSB;

D. That the Court award TFSB attorney's fees and costs, as allowed by law; and

E. That the Court award TFSB such other and further relief as it deems just and proper.

Dated: August 9, 2021

Respectfully submitted,

**THE FEDERAL SAVINGS BANK**

By: ___/s/ Jesse Mondry___

Jesse Mondry, Esq.
HARRIS BRICKEN SLIWOSKI, LLP
511 SE 11th Avenue
Suite 201
Portland, OR 97214
503.207.7313
jesse@harrisbricken.com

Ari Karen, Esq. (*Pro Hac Vice forthcoming*)
OFFIT KURMAN, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759
240.507.1740
AKaren@offitkurman.com

V. Amanda Witts, Esq. (*Pro Hac Vice forthcoming*)
OFFIT KURMAN, P.A.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
267.338.1384
Amanda.Witts@offitkurman.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I, the undersigned, an attorney, being duly sworn on oath, state that I caused a copy of the foregoing to be served upon the counsel of record via the Court's ECF system on August 9, 2021.

              /s/ Jesse D. Mondry